NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE D. PREWITT, JR.,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3025

---

Petition for Review of the Merit Systems Protection Board in No. AT0831120444-I-1.

---

Decided: April 3, 2013

---

GEORGE D. PREWITT, JR., of Greenville, Mississippi, pro se.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

Before RADER, *Chief Judge,* LOURIE and WALLACH, *Circuit Judges.*

PER CURIAM.

George Prewitt, Jr. ("Prewitt") appeals from the final decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of his request for a deferred retirement. *Prewitt v. Office of Pers. Mgmt.*, No. AT-0831-12-0444-1-1 (M.S.P.B. July 27, 2012) ("*Board Decision*"). Because the Board's decision was in accordance with the law, we *affirm*.

## BACKGROUND

Prewitt was an employee of the United States Postal Service ("USPS") and first resigned from Federal service on September 14, 1970. Upon his retirement, he requested a lump-sum refund of his contributions to the Civil Service Retirement System ("CSRS"), which he received on November 26, 1970. Prewitt was subsequently rehired by USPS, later resigning on November 26, 1990. Upon that second resignation, he again requested a lump-sum refund of his second period of CSRS contributions, which he received on June 7, 1993. Since his second resignation, Prewitt has neither been reemployed by USPS nor employed in any other Federal position that qualifies for contributions to the CSRS.

On March 12, 2012, Prewitt applied for a deferred retirement annuity. OPM denied his request, noting that he was not eligible to receive an annuity because he had collected the entirety of his retirement contributions in lump-sum refunds. Prewitt requested reconsideration of this decision, and OPM maintained its original denial. Prewitt appealed to the Board arguing that he should have qualified for a deferred retirement annuity under 5 U.S.C. § 8334(d)(2). *Board Decision* at 3. The Adminis-

trative Judge ("AJ") affirmed OPM's denial, holding that because Prewitt had withdrawn the entirety of his retirement contributions and was not a Federal employee when he applied for a deferred annuity, he was not otherwise eligible for one. *Id.* at 4. Because Prewitt did not seek review by the full Board, the AJ's decision became the final decision of the Board on August 31, 2012. *Id.* at 5.

Prewitt appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit. Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The burden of proof to demonstrate entitlement to retirement benefits rests on the petitioner. *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

Prewitt argues that the Board erred by denying him a retirement annuity under 5 U.S.C. § 8334(d)(2). Prewitt also argues that the Board erred because previous applicants have received deferred annuities despite not being employed at the time of their application. *Pet'r's Br.* 1 (citing *Parker v. Office of Pers. Mgmt.* (*Parker I*), 90 M.S.P.R. 480 (2002) and *Parker v. Office of Pers. Mgmt.* (*Parker II*), 93 M.S.P.R. 529 (2003)). The government responds that Prewitt does not qualify for a reduced annuity under 5 U.S.C. § 8334(d)(2) because he had received lump-sum payments of his retirement deductions for both of his USPS terms of employment. The government also responds that *Parker I* and *Parker II* are inapposite.

We agree with the government. Prewitt was not an employee at the time of his request for a deferred annuity and was not eligible for a reduced retirement annuity. Federal employees may elect to receive a lump-sum refund of their previously paid retirement deductions under 5 U.S.C. § 8342. Upon receipt of that payment, the employee "voids all annuity rights . . . based on the service on which the lump-sum credit is based, until the employee . . . is reemployed in the service." 5 U.S.C. § 8342(a). The loss of annuity rights may be cured by an employee's redeposit of the lump-sum payment with interest under 5. U.S.C. § 8334(d)(1). *See also Carreon v. Office of Pers. Mgmt.*, 321 F.3d 1128, 1130–31 (Fed. Cir. 2003). Those former employees who choose not to redeposit their payments, but are otherwise entitled to an annuity, may take a reduced payment. 5 U.S.C. § 8334(d)(2). Thus, under § 8334(d)(2), to have a reduced payment, Prewitt must be a former employee with remaining deposits.

Prewitt does not qualify for the § 8334(d)(2) exception because he is not an employee with remaining deposits. OPM's regulations interpreting § 8334(d) state that "[a] person may make a deposit or redeposit under [Section 8334] if he or she is an 'employee.'" 5 C.F.R. § 831.112(a). That regulation defines "employee" as:

(1) A person currently employed in a position subject to the civil service retirement law; or

(2) A former employee (whose annuity has not been finally adjudicated) *who retains civil service retirement annuity rights* based on a separation from a position in which retirement deductions were properly withheld and remain (or have been redeposited in whole or in part) in the Civil Service Retirement and Disability Fund.

*Id.* (emphasis added). Prewitt was not an employee at the time he applied for benefits. Prewitt was also not a

former employee who "retain[ed] civil service retirement annuity rights" whose "deductions were properly withheld and remain" because Prewitt received lump-sum payments of his *entire* CSRS retirement contributions, voiding his annuity rights, and he had not redeposited those previous lump-sum payments with interest. 5 C.F.R. § 831.112(a)(2). Prewitt thus does not fall under the definition of "employee"; he had no retirement deductions remaining and was therefore not entitled to a reduced annuity under 5 U.S.C. § 8334(d)(2).

Further, the Board's decisions in *Parker I* and *Parker II* are inapposite. In *Parker I*, the Board determined that Parker could be considered reemployed, despite having withdrawn his deductions in a lump-sum payment, because of a brief period of reemployment pursuant to a settlement agreement. *Parker I*, 90 M.S.P.R. at 489. However, in *Parker II*, OPM challenged the validity of Parker's reemployment solely based on the settlement agreement. The Board reopened the appeal and ultimately determined that the settlement service did not qualify as a reemployment for purposes of 5 U.S.C. § 8334(d). *Parker II*, 93 M.S.P.R. at 542. The *Parker* cases thus relate to different factual scenarios and are not applicable here. Even under the rule of *Parker I*, Prewitt would not be entitled to the 5 U.S.C. § 8334(d)(2) exception because he was never reemployed after his second retirement from USPS. Finally, we are not bound by Board decisions.

We have considered Prewitt's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

**AFFIRMED.**

COSTS

No costs.